IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHERRIE WILSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRANDON O'KELLY,<br><br>　　　　　Respondent. | Case No. 3:23-cv-00186-JMK<br>(3:23-cv-00117-JMK) |

## ORDER OF DISMISSAL

On August 22, 2023, self-represented prisoner Sherrie Wilson ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Ms. Wilson seeks to challenge her criminal conviction in *State of Alaska v. Wilson,* Case No. 3AN-09-04793CR.[2] Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Upon review, Ms. Wilson has another pending writ of habeas corpus regarding the same underlying criminal case.[3] After screening the petition in Case No. 3:23-cv-00117-JMK, the Court ordered the Clerk to serve the petition on the Alaska

---

[1] Docket 1.

[2] *State of Alaska v. Wilson,* 3AN-09-04793CR. See also *In the Matter of: Wilson, Sherrie I v. State of Alaska EAA,* 3AN-11-08618CI (post-conviction proceedings). Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[3] *See Wilson v. Jones,* Case No. 3:23-cv-00117-JMK. The Court notes Ms. Wilson also has voluntarily dismissed two additional petitions regarding the same underlying criminal case. *See Wilson v. Jones,* Case No. 3:23-cv-00127-JMK, Dockets 3-4; *see also Wilson v. State of Alaska*, 3:23-cv-00181-JMK, Docket 11.

Office of Criminal Appeals and provided Ms. Wilson 30 days to file a request for court-appointed counsel or a notice of her intent to represent herself.[4]

A "district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."[5] Thus, "a district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action."[6] The Court finds it would be inefficient and duplicative for this action to proceed independently.

**IT IS THEREFORE ORDERED:**

1. Case No. 3:23-cv-00186-JMK is **DISMISSED** as duplicative of Case No. 3:23-cv-00117-JMK.

2. The Court finds the documents filed as **Dockets 10-12 in this action should be filed in Case No. 3:23-cv-00117-JMK** to preserve the record.

3. Subsequent to the issuance of this order, no further documents will be accepted for filing in this action. All future filings related to these actions shall be filed in Case No. 3:23-cv-00117-JMK.

4. All pending motions are **DENIED AS MOOT**.

5. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 28th day of September, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[4] *Wilson v. Jones,* Case No. 3:23-cv-00117-JMK, Docket 4.

[5] *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same).

[6] *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)).

Case No. 3:23-cv-00186-JMK, *Wilson v. O'Kelly*
Order of Dismissal
Page 2 of 2
Case 3:23-cv-00186-JMK   Document 13   Filed 09/28/23   Page 2 of 2